UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDDIE MURRAY,

                                  Plaintiff,                      1:25-cv-554 (BKS/DJS)

v.

THE CITY OF KINGSTON, et al.,

                                  Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Freddie Murray
24-R-1879
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Freddie Murray filed this action pro se asserting claims under 42 U.S.C. § 1983 against the City of Kingston, Police Chief Egidio Tinti and police officers Mitchael Defrance, Garrett Lapp, Savino Citrinti, and Christopher Zambrella in connection with Plaintiff's arrest on May 25, 2022. (Dkt. No. 1). Plaintiff sought leave to proceed *in forma pauperis*. (Dkt. No. 2). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on July 11, 2025, granted Plaintiff's application for leave to proceed *in forma pauperis* and issued a Report-Recommendation following an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). (Dkt. No. 10). Magistrate Judge Stewart recommended that Plaintiff's claims against the City of Kingston be dismissed with leave to amend; his Fourth

Amendment claims against Chief Tinti be dismissed; his false arrest claims against P.O.'s Zambrella and Citrinti should be dismissed; that Plaintiff's false arrest claims against P.O.'s Defrance and Lapp should proceed; and that Plaintiff's Fourth Amendment claims of malicious prosecution against P.O.'s Defrance, Lapp, Citrinti and Zambrella survive. (*Id.* at 4–11). Magistrate Judge Stewart advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had "fourteen (14) days within which to file written objections to the foregoing report" and that "failure to object . . . within fourteen days will preclude appellate review." (*Id.* at 12). Plaintiff did not file any objections.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 10) is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** in part with leave to amend; and it is further

**ORDERED** that the following claims are **DISMISSED with leave to amend**: Plaintiff's claims against the City of Kingston; Plaintiff's false arrest claims against Christopher Zambrella and Savino Citrinti, and Plaintiff's Fourth Amendment claims against Chief Egidio Tinti; and it is further

**ORDERED** that Plaintiff's false arrest claims against Defendants Mitchael Defrance and Garrett Lapp, and his Fourth Amendment claims of malicious prosecution against Defendants Mitchael Defrance, Garrett Lapp, Savino Citrinti, and Christopher Zambrella shall proceed; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiff files an amended complaint within thirty (30) days of the date of this Order, the amended complaint shall be referred to Magistrate Judge Stewart for review; and it is further

**ORDERED** that if no amended complaint is filed within thirty (30) days of the date of this Order, the Clerk shall terminate defendants City of Kingston and Chief Egidio Tinti, issue summonses as to Defendants Mitchael Defrance, Garrett Lapp, Savino Citrinti, and Christopher Zambrella and forward them with copies of the complaint and a packet containing General Order 25, which sets forth this district's Civil Case Management Plan, to the United States Marshal for service upon Defendants. Defendants must file a formal response to Plaintiff's complaint (Dkt. No. 1) as provided for in the Federal Rules of Civil Procedure subsequent to service of process; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule

7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 9, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge